UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY KARASIEWICZ : | |
| 726 Bryant Street : | |
| Stroudsburg, PA 18360 : | |
| : | |
| Plaintiff, : | JURY DEMANDED |
| : | |
| v. : | |
| : | |
| SAW CREEK ESTATES COMMUNITY : | |
| ASSOCIATION, INC. : | |
| 5728 Decker Rd. : | No.: |
| Bushkill, PA 18324 : | |
| : | |
| Defendant. : | |

**CIVIL ACTION COMPLAINT**

And now Plaintiff, Barry Karasiewicz, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act of 1990 have been violated and avers as follows:

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Barry Karasiewicz (hereinafter "Karasiewicz"), is an adult individual residing at the above address.

2. Defendant, Saw Creek Estates Community Association, Inc., (hereinafter "Defendant") is a non-profit corporation organized and existing under the laws of the Pennsylvania with a principle place of business at the above address.

3. At all times material hereto, Defendant employed Mr. Karasiewicz in Pennsylvania and qualified as Mr. Karasiewicz's employer under the Americans with Disabilities Act.

4. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5. Mr. Karasiewicz exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Americans with Disabilities Act, and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Mr. Karasiewicz was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

9. In or about March 2018, Defendant Hired Mr. Karasiewicz to work as a Public Safety Officer at their gated community located in Bushkill, Pennsylvania.

10. When Mr. Karasiewicz was hired by Defendant, Mr. Karasiewicz was to perform the duties of a patrol officer, a position for which he was certified and qualified.

11. Throughout his initial tenure with Defendant, Mr. Karasiewicz performed all his duties without complaint or issue.

12. Mr. Karasiewicz suffers from Type II diabetes, for which he receives treatment and manages without any issues.

13. Mr. Karasiewicz's disability does not interfere with his ability to perform his job duties.

14. At all times material hereto, Mr. Karasiewicz spoke open and freely with Defendant and Defendant's employees about his Type II diabetes and Defendant was aware of Mr. Karasiewicz's medical issues.

15. On or about July 26, 2019, Defendant held a sergeants' meeting.

16. During that meeting Mr. Karasiewicz's supervisor, Chief William Varcadipane informed the sergeants that Mr. Karasiewicz could not be assigned patrol until further notice, demoting Mr. Karasiewicz.

17. Following the meeting, Lieutenant Maggie Buck, Defendant's employee in charge of scheduling, asked Chief Varcadipane the reason why Mr. Karasiewicz was no longer on patrol.

18. In response, Chief Varcadipane informed Lt. Buck that it was a medical issue, discriminating against Mr. Karasiewicz due to a "medical issue" without engaging in any interactive process to determine whether Defendant could accommodate Mr. Karasiewicz.

19. On or about August 2, 2019, Mr. Karasiewicz's met with Chief Varcadipane.

20. During that meeting, Chief Varcadipane told Mr. Karasiewicz that he was being removed from his position as a Public Safety Officer, demoting him to gate officer, an adverse employment action.

21. Mr. Varcadipane told Mr. Karasiewicz that the decision to remove him from his position was due to his medical condition.

22. Mr. Karasiewicz was also told by Mr. Varcadipane that if he wanted to remain employed with Defendant as a patrol officer, he would need a note from his physician clearing him to perform the duties of a Public Safety Officer.

23. Mr. Karasiewicz was told that if he was unable to get a physician note, he could continue to work for Defendant as a gate officer for a 20% pay cut.

24. Mr. Karasiewicz was also told by Chief Varcadipane that even if he did get a note from his physician, it would take months before he is reinstated.

25. On or about August 7, 2019, Mr. Karasiewicz attempted to provide a letter from his physician along with medical record information to Defendant's general manager, David Martin, indicating that Mr. Karasiewicz was able to perform the job duties of a Public Safety Officer.

26. When Mr. Karasiewicz tried to provide the letter to Mr. Martin, Mr. Martin refused to accept it.

27. Despite additional attempt to provide documentation to Defendant or even engage in a conversation with Defendant, Defendant has continued to refuse to speak with Mr. Karasiewicz or engage in any interactive process.

28. Defendant also never reinstated Mr. Karasiewicz to the position of patrol.

29. As a direct and proximate result of Defendant's conduct in terminating Mr. Karasiewicz's employment, Mr. Karasiewicz has sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**TITLE I –AMERICANS WITH DISABILITIES ACT**
**FAILURE TO ACCOMMODATE**
**(42 U.S.C.A. § 12101 et seq)**

30. Mr. Karasiewicz incorporates paragraphs 1-29 as if fully set forth at length herein.

31. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not discriminate against an employee based on a disability.

32. Mr. Karasiewicz is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

33. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

34. At all times material hereto, Mr. Karasiewicz has a qualified disability and was perceived to suffer from his disability, as described above.

35. Defendant's conduct in refusing to provide Mr. Karasiewicz with reasonable accommodations for its belief about Mr. Karasiewicz's disability if it perceived him to need accommodations for his disability constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

36. Defendant failed to engage in a meaningful back and forth discussion after deciding that Mr. Karasiewicz required accommodations.

37. Defendant failed to reasonably accommodate its perception of Mr. Karasiewicz's perceived disability.

5

38. As a proximate result of Defendant's conduct, Mr. Karasiewicz has sustained significant damages, including but not limited to: emotional distress, mental anguish, humiliation, pain and suffering, and consequential damages.

39. As a result of the conduct of Defendant's owners/management, Mr. Karasiewicz hereby demands punitive damages.

40. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.,* Mr. Karasiewicz demands attorneys' fees and court costs.

**COUNT II**
**TITLE I –AMERICANS WITH DISABILITIES ACT**
**DISCRIMINATION**
**(42 U.S.C.A. § 12101 et seq)**

41. Mr. Karasiewicz incorporates paragraphs 1-40 as if fully set forth at length herein.

42. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

43. Mr. Karasiewicz is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

44. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

45. At all times material hereto, Mr. Karasiewicz had a qualified disability, as described above.

46. Defendant's conduct in demoting and eventually terminating Mr. Karasiewicz is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

47. As a proximate result of Defendant's conduct, Mr. Karasiewicz sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Karasiewicz has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

48. As a result of the conduct of Defendants' owners/management, Mr. Karasiewicz hereby demands punitive damages.

49. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Mr. Karasiewicz demands attorneys' fees and court costs.

## COUNT III
## TITLE I –AMERICANS WITH DISABILITIES ACT
## RETALIATION
## (42 U.S.C.A. § 12101 et seq)

50. Mr. Karasiewicz incorporates paragraphs 1-49 as if fully set forth at length herein.

51. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based his exercising his rights under the Americans with Disabilities Act.

52. Mr. Karasiewicz is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

53. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

54. As set forth above, Mr. Karasiewicz engaged in protected activity when he attempted to provide a doctor's note regarding his qualified disability and Defendant's perception of said disability.

55. As set forth above, Defendant's conduct in terminating Mr. Karasiewicz is an adverse employment action, was taken as a result of Mr. Karasiewicz engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

56. As a proximate result of Defendant's conduct, Mr. Karasiewicz sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Karasiewicz has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

57. As a result of the conduct of Defendants' owners/management, Mr. Karasiewicz hereby demands punitive damages.

58. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Mr. Karasiewicz demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Barry Karasiewicz, demands judgment in his favor and against Defendant, Saw Creek Estates Community Association, Inc., in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

                         **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:_____
     **ROBERT H. GRAFF, ESQUIRE** (PA I.D. 206233)
     Two Penn Center
     1500 JFK Boulevard, Suite 1240
     Philadelphia, PA 19102
     Ph: 267-546-0138
     Fx: 215-944-6124
     *Attorney for, Barry Karasiewicz*

Date:09/30/2020

# EXHIBIT "A"

EEOC Form 161 (11/16)    **U.S. E**QUAL **E**MPLOYMENT **O**PPORTUNITY **C**OMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Barry Karasiewicz
P.O. Box 242
Stroudsburg, PA 18360

**From:** Philadelphia District Office
801 Market Street
Suite 1000
Philadelphia, PA 19107

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-02600 | **Legal Unit,** **Legal Technician** | **(267) 589-9707** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson* (signature)

**Jamie R. Williamson,**
**District Director**

August 30, 2020
*(Date Mailed)*

Enclosures(s)

cc:
David E. Heisler
Cipriani & Werner
415 Wyoming Ave.
Scranton, PA 18503

David Huntley, Esq.
LAW OFFICE OF ERIC SHORE
2 Penn Center, Suite 1240
1500 JFK Boulevard
Philadelphia, PA 19102